IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| James C. Womack, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Nelson, Watson & Associates, LLC, a Massachusetts limited liability company and LVNV Funding, LLC, a Delaware limited liability company, | ) 1:09-cv-0656 SEB-TAB |
| Defendants. | ) Jury Demanded |

## COMPLAINT

Plaintiff, James C. Womack, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.   Plaintiff, James C. Womack ("Womack"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally, by his wife, for a Sears account, but which debt is now allegedly owed to LVNV Funding.

4. Defendant, Nelson, Watson & Associates, LLC ("NWA"), is a Massachusetts limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant NWA was acting as a debt collector, as that term is defined under the FDCPA, as to the delinquent consumer debt it attempted to collect from Mr. Womack.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt that it had its agent, NWA, attempt to collect from Mr. Womack.

6. Defendant LVNV is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect, via collection firms like Defendant NWA.

## FACTUAL ALLEGATIONS

7. At some point in the past, Mr. Womack's wife, Jolande Womack, allegedly opened an account with Sears, which subsequently became delinquent; Defendant LVNV thereafter bought this account.

8. Although Mr. Womack is disabled and unemployed, and although his wife is disabled and suffers from dementia, the Womacks have been trying to pay off their debts via a debt settlement company, the Consumer Law Center; however, the owners of the Sears debt refused to work out a resolution of the debt.

9. Instead, Defendants NWA and LVNV sent an initial form collection letter, dated May 11, 2009, demanding that Mrs. Womack pay them for the Sears debt. A copy of this letter is attached as Exhibit A.

10. Moreover, on May 11, 2009, Defendants called the Womacks' home and Mrs. Womack answered the call. Due to her dementia, Mrs. Womack could not understand the phone call and quickly gave the phone to her husband. A female debt collector from Defendant NWA then told Mr. Womack that the call was about his wife Jolande's Sears account. Mr. Womack told the collector that he had tried to resolve the account through the Consumer Law Center. This female collector then put the call on hold and a male debt collector for Defendant NWA, "Marcus", took over the call.

11. Defendant NWA's debt collector, Marcus, the proceeded to demand that Mr. Womack pay $1,500 toward the debt by the "close of business" that day, or else the Defendants would sue Mr. Womack and that the "court would place a lien on his home". Mr. Womack informed Marcus about his family's health and financial problems, and that he could not pay that much money all at once.

12. Defendant NWA's debt collector, Marcus, then told Mr. Womack that they may qualify for Defendants' hardship "ECH Program", and that based on a "review" of Mr. Womack's "balance sheet", Mr. Womack had an "extra $800 per month" available to pay the Sears debt and that Marcus would "do a favor" for Mr. Womack and accept

3

payments of $500 per month to "prevent the account from going to the judge and a lien being placed on his property". Frightened by Defendants' threats, Mr. Womack was coerced into "agreeing" to the payment plan, which agreement was confirmed by the Defendants via two letters dated, May 13, 2009 and May 15, 2009. Copies of these letters are attached as Exhibits B and C.

13. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits debt collectors from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

17. Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

    A. falsely stating that they were about to sue Mr. Womack;

    B. falsely claiming that they could have a lien placed on Mr. Womack's home; and,

C.  falsely claiming that they had looked at Mr. Womack's "balance sheet" and that Mr. Womack had an "extra $800 per month" available to pay the debt.

18. Defendants' violations of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendants threats of a lawsuit and lien on the house, as well as their claims that they had reviewed Mr. Womack's "balance sheet", were unfair or unconscionable, in violation of § 1692f of the FDCPA.

21. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692g Of The FDCPA –
### Overshadowing the Validation Notice

22. Plaintiff adopts and realleges ¶¶ 1-14.

23. Section 1692g(a) of the FDCPA requires that, within 5 days of Defendants' first communication with a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek

verification of it. Moreover, § 1692g(b) of the FDCPA mandates that debt collectors not overshadow the validation notice.

24. Defendants' demands for immediate payment, made during the 30-day validation period, and threats of a lawsuit and a lien on Mr. Womack's house, overshadowed, and thus rendered in effective, the validation notice, in violation of 1692g of the FDCPA.

25. Defendants' violation of § 1692g of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
## Violation Of § 1692d Of The FDCPA –
## Harassment And Abuse

26. Plaintiff adopts and realleges ¶¶ 1-14.

27. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

28. Defendants' threats to sue and take Mr. Womack's home was conduct, the natural consequence of which, was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

29. Defendants' violation of § 1692d of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, James C. Womack, prays that this Court:

1. Declare that Defendants' collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Womack and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James C. Womack, demands trial by jury.

James C. Womack,

By: _____
One of Plaintiff's Attorneys

Dated: May 27, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com